Filed 5/8/26  Brudal v. Adriana's Insurance Services CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ALEXIS A. BRUDAL, | |
| Plaintiff and Appellant, | E086135 |
| v. | (Super.Ct.No. CIVSB2105208) |
| ADRIANA'S INSURANCE SERVICES, INC. et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Donald R. Alvarez, Judge.  Affirmed.

Alexis A. Brudal, in pro. per., for Plaintiff and Appellant.

Colman Perkins Law Group, James D. Gustafson, John N. Haramalis, Talia Yessaie, and Truong X. Pham for Defendant and Respondent, Aspire General Insurance Services.

1

Plaintiff Alexis Brudal appeals from the summary judgment entered in favor of defendant Aspire General Insurance Services (Aspire). We affirm.

BACKGROUND

Brudal obtained an automobile insurance policy (the policy) from Aspire effective from December 19, 2018, through June 19, 2019. Adriana's Insurance Services, Inc. (AIS) was Brudal's insurance broker. Brudal renewed the policy three times, with the last effective date of June 19, 2020, through December 19, 2020. The policy provided: "We may cancel only for the following reasons: [¶] 1. you do not pay the required premium for this policy when due …." (Boldfacing omitted.)

Brudal enrolled to have his monthly premium paid automatically via credit card. For the policy's last six-month term, Aspire sent Brudal an invoice that included a schedule of the monthly payments that would be automatically withdrawn during that period.

Before Brudal renewed the policy in June 2020, Aspire sent Brudal a notice of cancellation on May 21, 2020. The notice informed Brudal that the policy would be cancelled effective June 1, 2020, if Brudal did not make a minimum payment of $121.42. AIS informed Brudal that the credit card he had on file to make automatic payments had expired and thus needed to be updated. On May 29, 2020, Brudal went to AIS's office and paid the amount due, along with an additional payment for the following month. Brudal made the payment with a new credit card (the new card). Brudal updated his

2

credit card information on file with AIS so that his monthly automatic insurance premium payments would be made on the new card.

On May 29, 2020, Aspire prepared a renewal invoice for the policy period of June 19, 2020, through December 19, 2020, again including a schedule of monthly premium payments.

A monthly premium of $122.45 was due on the policy on July 20, 2020. When Aspire attempted to charge a credit card of Brudal's for the payment, Aspire did not use the new card, and the charge was declined. On the following day, Aspire mailed Brudal a notice of cancellation via certified mail. The notice informed Brudal that he had to pay a minimum of $122.45 by August 1, 2020, to prevent cancellation of the policy. Aspire also informed Brudal of the policy status via an automated telephone message sent on July 29, 2020. Aspire did not receive payment by the August 1, 2020, deadline and therefore cancelled the policy effective that date.

Aspire notified Brudal of the cancellation via automated telephone messages on August 4 and 11, 2020. Aspire subsequently mailed Brudal a reinstatement offer that also contained notice of an outstanding balance of $61.13 that Brudal owed on the policy. The notice advised Brudal that he could reinstate the policy if he paid Aspire $115.69 by September 1, 2020. Aspire did not receive a reinstatement payment by the deadline. On October 1, 2020, Aspire sent Brudal a collection letter for the outstanding amount of $61.13, which Brudal paid.

In July 2021, Brudal filed a second amended complaint against Aspire and AIS, alleging causes of action against both for (1) breach of contract, (2) breach of fiduciary duty, and (3) breach of the implied covenant of good faith and fair dealing.

Brudal alleged that he entered a contract with both defendants when on May 29, 2020, he updated his payment information for automatic payment withdrawals. He alleged that Aspire breached the contract by "fail[ing] to perform[ ] those term[s] of the Agreement Defendant was required to do according to the Schedule of Payment Withdrawals Agreement May 29 2020," thereby causing Brudal's policy to be cancelled. He alleged that Aspire breached the implied covenant of good faith and fair dealing by failing to perform under the May 29, 2020, agreement and by cancelling his policy "without cause" after he had updated his payment information on May 29, 2020. Brudal alleged that the insurer-insured relationship between him and Aspire created a fiduciary relationship and that Aspire breached its fiduciary duties "by engaging in the act and/ omissions alleging in the Amended Complaint herein and fail to act as reasonably insurance agency."

The trial court sustained AIS's demurrer to the second amended complaint without leave to amend and entered judgment in favor of AIS. (*Brudal v. Adriana's Insurance Services, Inc.* (Oct. 16, 2023, E078963) [nonpub. opn.].) Brudal appealed, and we affirmed the judgment in an unpublished opinion. (*Ibid.*)

4

Aspire moved for summary judgment, and Brudal opposed the motion.  Both parties filed evidentiary objections.  The trial court overruled both parties' evidentiary objections and granted the motion.  The record on appeal does not contain the reporter's transcript from the hearing on the motion, if there was one, and it does not include a minute order from that hearing.

## STANDARD OF REVIEW

We review summary judgment orders de novo and apply the same legal standard as the trial court.  (*Miller v. Department of Corrections* (2005) 36 Cal.4th 446, 460.)  We independently examine the record to determine whether there are triable issues of material fact and whether the moving party is entitled to summary judgment as a matter of law.  (*Ibid*.)  We examine the entire record and consider all of the evidence submitted in support of the motion and the opposition, except any evidence to which objections were sustained.  (*A.B. v. County of San Diego* (2025) 112 Cal.App.5th 404, 415-416.)  We are not bound by the trial court's stated reasons for granting summary judgment, because we review the trial court's ruling and not its reasoning.  (*Id*. at p. 416.)

## DISCUSSION

I.      *Summary judgment*

Brudal argues that the trial court erred by granting Aspire's summary judgment motion.  He contends that there exist "numerous" factual disputes that require that the motion be denied.  The argument fails.

5

First, Aspire did not breach a fiduciary duty to Brudal, because the relationship between insurer and insured is not a fiduciary relationship. (*Vu v. Prudential Property & Casualty Ins. Co.* (2001) 26 Cal.4th 1142, 1150-1151.) And the good faith and fair dealing claim fails because it is merely duplicative of the breach of contract claim. (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1395 ["If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated"].)

Second, Brudal's appellate briefs do not identify any material factual issues that are disputed, and his briefs do not cite any evidence purportedly creating such disputes. As a result, Brudal's briefs do not show that there are any contested factual issues for a jury to resolve. It is the appellant's burden on appeal to show prejudicial error (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609) and to support the appellant's arguments with citation to the record and reasoned argument (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286-287). Because Brudal has not provided reasoned argument and record citations to support his contention that there are "numerous" factual disputes precluding summary judgment, he has not carried his burden. We consequently must reject his contention.

II.     *Waiver of evidence*

Brudal argues that the trial court abused its "discretion as direct result of waiving evidence most favorable to [him] that would have demonstrated genuine issues of material facts." He contends that he was entitled to certain discovery from Aspire and that the trial court "completely ignored" the issue. The argument is forfeited and also lacks merit.

The section of Brudal's opening brief concerning the discovery issue does not include any record citations in its discussion of the relevant facts. "In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record. Rather than scour the record unguided, we may decide that the appellant has forfeited a point urged on appeal when it is not supported by accurate citations to the record." (*WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894.) Because Brudal has not supported his factual assertions with citations to the record, we consider the argument forfeited. (*Ibid.*)

The argument also fails on the merits, because the record does not support Brudal's claim that the trial court did not consider evidence favorable to him in ruling on the motion for summary judgment. The trial court overruled both parties' evidentiary objections, so it considered all of the evidence submitted by Brudal.

## DISPOSITION

The judgment is affirmed.  Aspire shall recover its costs of appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

MILLER
Acting P. J.

FIELDS
J.